# Richmond.

## GLOUCESTER COUNTY v. MIDDLESEX COUNTY.

### March 10th, 1892.

1. CIRCUIT JUDGE—*Mandamus.*—Under Code, § 990, a circuit judge has, in vacation, jurisdiction to compel a county by *mandamus* to contribute to maintain a bridge or causeway over a place between it and an adjacent county.

2. COUNTIES—*Liability.*—A county is not liable for any part of the expense of maintaining a causeway wholly in an adjacent county, though necessary to approach a bridge over a stream between the two counties. Code, § 989.

Error to judgment of circuit court of Gloucester county, rendered August 18th, 1890, on an application for a writ of *mandamus* to compel the plaintiff in error, the county of Gloucester, to contribute to maintaining a causeway in Middlesex county, and leading up to a bridge over a place between the two counties. Opinion states the case.

*Maryus Jones* and *F. L. Taylor*, for plaintiff in error.

*T. G. Jones* and *Robert McCandlish*, for defendant in error.

LACY, J., delivered the opinion of the court.

The counties of Middlesex and Gloucester are separated by a broad stream of water called the "Dragon," over which the county road leading from Gloucester Courthouse to Middlesex Courthouse crosses at a bridge spanning the Dragon, called the "Old Dragon Bridge." This bridge has for many

years been kept up by the two counties above named jointly, until a few years ago, when an element of discord arose between the two counties, growing out of the circumstance that quite an expensive causeway was erected in the swamp or low-ground on the Middlesex side of the Dragon, over which the county road leading from Middlesex Courthouse passed in going to or returning from this bridge. It occurred to the Middlesex authorities that they would require the Gloucester county authorities to contribute to the expense of repairing and keeping up this causeway, as it was necessary to have this causeway in order to reach the bridge; but the demand being made on the Gloucester authorities to this end, the last-named county declined to do more than build the bridge which abutted on the high ground on the Middlesex side, denying the obligation sought to be placed upon them upon the ground that the causway in question was wholly in the county of Middlesex, and was, so far as Gloucester county was concerned with it, a Middlesex road. The law in existence at that time and during that controversy provided that the " court of one county may notify the court of another county " " that a bridge or causeway is necessary over a place between the two counties." The county court of Gloucester county regarded the bridge as being over a place between the two counties, and agreed to unite with the county of Middlesex in its construction, but regarded the causeway as not over a place between the two counties, to-wit: the Dragon, but a piece of work wholly within the county of Middlesex, and considered that the law did not authorize the county of Gloucester to expend the public money of the county of Gloucester, for the repair of the public roads of Middlesex, and that they could go no further than the law authorized, and refused the causeway for the stated reasons. The county of Middlesex thereupon procured from the circuit court judge of Gloucester county a peremptory writ of *mandamus* to the Gloucester county court, directed in vacation, requiring that court to respond to the demand of Middlesex authorities by contributing to the cost of the causeway in ques-

tion.   Upon appeal here this order of the circuit court judge was reversed.   The case is reported in 79 Va. Rep., page 15. See the opinion of this court, delivered by Judge Hinton. Subsequently, in the enactment of the new Code of Virginia, the phraseology of the law being altered so as to read on this subject as follows : " That a bridge and causeway, or either, is necessary over a place between the two counties," the subject was reopened, and the Middlesex county court made an order that the Old Dragon Bridge needed repairs, and certified the same to the Gloucester county court for its action.   The latter court appointed viewers or commissioners to meet the appointees in that behalf of Middlesex county court.   The joint commission reported concerning the bridge and the causeway, but the county court of Gloucester declined to concur in or approve the report, so far as the causeway was concerned, for the same reasons stated already; whereupon Middlesex county again invoked the aid of the circuit court judge in vacation, who again, by a writ of peremptory *mandamus*, ordered the county court of Gloucester county to contribute to the construction of this causeway.   The county court of Gloucester again applied for and obtained a writ of error to this judgment.

Upon consideration of the case and the arguments of counsel, we are unanimously of opinion to reverse the judgment of the judge of the circuit court of Gloucester county.   The law in question does not apply to the causeway, for the reason given by the county court of Gloucester, that it is not a causeway over a place between the two counties, but is wholly within the county of Middlesex.   The place between the two counties is the Dragon, a broad stream, seventy-five feet wide. This stream is at this point spanned by a bridge, which abuts on the high ground on the shore of each county.   The swamp lies close by in Middlesex, but not contiguous to the bridge, and is not affected by this law.   The principle which would sustain the Middlesex contention that the causeway is necessary to reach the bridge applies equally to the entire road, and every road leading to the bridge, and every bridge over these

roads, because they and all such in Gloucester county are necessary to enable all the people who travel over these roads to reach this bridge. This is not our law on the subject. Each county provides, by a well-digested body of laws, for its own roads; but when a bridge or causeway, or either, over a place between the two counties is necessary, and the two county courts concur that is necessary, then they contribute ratably according to their taxable values. If these courts, or either, fail in any duty in the premises, jurisdiction is given to the circuit court of the county so failing to compel the performance of this duty. But this jurisdiction is expressly given to the circuit court, and not to the judge in vacation, and a grant to the circuit court of this extraordinary jurisdiction does not necessarily include the judge in vacation, who may thus sit, if sit he can at all, in vacation on this subject, and adjudicate concerning the material interests of a county at a place remote from the county; and it is contended that the judge of the circuit court had, therefore, no jurisdiction in the matter in vacation. But section 3012 of the Code of Virginia provides that the petition for this writ may be presented to the circuit court having jurisdiction, or the judge thereof in vacation, and when the two sections are considered together it appears to be within the jurisdiction of the judge in vacation. But the order of the judge on the merits cannot be sustained, and must be reversed. When the law we have been considering (sections 989 and 990) are considered along with the laws respecting the repair of county roads, it is plain that section 989 is not intended to apply to a case like this; this causeway not being over a place between two counties, but lying wholly in one county. The judgment appealed from must, therefore, be reversed and annulled.

JUDGMENT REVERSED.